Filed 1/26/16  P. v. Rood CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES ROOD,<br><br>    Defendant and Appellant. | 2d Crim. No. B264796<br>(Super. Ct. No. 2007006861)<br>(Ventura County) |

James Rood appeals the trial court's order resentencing him under Proposition 47, the Safe Neighborhoods and Schools Act ("the Act"), and placing him on six months supervised parole.  (Pen. Code, § 1170.18.)[1]  Rood contends the period of parole violates section 1170.18, subdivision (e) by extending his term of supervised release.  We affirm.

BACKGROUND

Rood served a prison term for felony possession of methamphetamine after the court revoked formal probation.  (Health & Saf. Code, § 11377, subd. (a).)  He was released from prison in 2009 and placed on parole. (§ 3000.08.)  Following realignment, he was placed on postrelease community supervision.  (§§ 3000.08, subd. (b), 3450

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

(supervised release).)  The details of this transition are not included in the record and are immaterial to the issue presented.

After a series of revocations, Rood's supervised release was scheduled to end April 17, 2015.  Four months before that date, Rood filed a petition to recall his sentence and to be resentenced to a misdemeanor under the Act.  Rood was in custody for violating the terms of his supervised release.

On December 18, 2014, the trial court granted Rood's petition, reduced his offense to a misdemeanor, and sentenced him to time served.[2]  It also placed him on six months of parole, scheduled to run from the date of the resentencing order.  (§§ 1170.18, subd. (d), 3000.08.)

Following resentencing, Rood violated the terms of his parole and suffered flash incarcerations.  (§ 3000.08. subds. (d) and (e).)[3]  On April 10, 2015, the court revoked and reinstated his parole.  It denied Rood's motion to dismiss the underlying revocation petition, in which Rood argued that his Proposition 47 parole term unlawfully exceeded his original maximum term of supervised release.

## DISCUSSION

In 2014, the voters enacted Proposition 47, which reclassifies certain crimes from felonies to misdemeanors.  An eligible defendant who is serving a felony sentence may petition for recall of his or her sentence and resentencing under the Act.  (§ 1170.18, subd. (a).)  The trial court must place a successful petitioner on one year of misdemeanor probation following completion of a new sentence, unless the court in its discretion releases the petitioner from parole:  "A person who is resentenced . . .  shall be given credit for time served and *shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion . . . releases the person from parole.

---

[2] Neither party contends there are excess credits.

[3] A flash incarceration is a one to ten day period of confinement in jail due to an offender's violation of parole. (§ 3000.08, subds. (d) and (e).)

2

Such person is subject to Section 3000.08 parole supervision . . . . " (§ 1170.18, subd. (d). Emphasis supplied.)

Section 1170.18 also provides that resentencing may not increase punishment: "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." (*Id.* subd. (e).) The maximum period of post release community supervision is three years, tolled if the supervised person absconds. (§ 3456, subds. (a)(1) & (b).) The same maximum period applies to parole. (§ 3000, subd. (b)(2), (b)(6).) The parties agree that, before resentencing, Rood's supervised release was scheduled to end April 17, 2015. We conclude subdivision (e) is not violated when the term of parole imposed upon resentencing extends the previously scheduled end date for supervised release.

Imposition of parole did not increase Rood's term. Rood completed his custodial term in 2009 and was resentenced to time served. Rood contends that the word term in subdivision (e) includes any term of supervised release, and resentencing may not impose a longer term of supervision. But section 15 of the Act provides that it is to be "broadly construed to accomplish its purposes." One of those purposes is to provide adequate supervision to ensure successful reintegration. Voters were assured that under the Act successful petitioners would be supervised for one year after release, unless a judge decided otherwise. "Offenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), analysis of Prop. 47, by Legis. Analyst, p. 36.) A period of supervision following incarceration is critical to successful reintegration. (§ 3000, subd. (a).) Parole replaces the rigor of incarceration with a period of conditional freedom controlled by conditions and supervision. (§ 3000, subd. (a).)

The Voter Information Guide contemplated that Proposition 47 would extend otherwise expiring terms of supervised release, temporarily increasing costs of supervision: "[T]the resentencing of individuals currently serving sentences for felonies that are changed to misdemeanors would temporarily increase the state parole population by a couple thousand parolees over a three-year period. The costs associated with this

3

increase in the parole population would temporarily offset a portion of the above prison savings."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), State Effects of Reduced Penalties, State Prison and Parole pp. 36-37.)  Three years reflects the period in which petitions for resentencing may be brought.  (§ 1170.18, subd. (j).)

Rood's many violations of the terms of his release demonstrate a continuing need for supervision.  The judge was lenient with Rood, releasing him from half of the Act's presumptive parole term.  Proposition 47 is a lenient sea change.  Misdemeanor parole is part of a trade off for release from felony imprisonment.  It is a package deal.  Rood chose to petition for resentencing the scheduled end date of his supervised release.  Along with the benefits of reclassification, he takes six months of parole.

## DISPOSITION

The order appealed from affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

4

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald a. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.